SPENCE BRADFORD, JR. V. THE STATE.

No. 10475.   Delivered October 13, 1926.

**1.—Possession of Intoxicating Liquor—Bill of Exception—Incomplete—No Error Shown.**

Where a bill of exception complains of the action of the trial court in admitting evidence upon the trial, and the bill does not show that any exception was taken to the action of the court complained of, such bill is incomplete, and presents no error.

**2.—Same—Newly Discovered Evidence—No Statement of Facts—Cannot Be Appraised.**

Where appellant, in his motion for a new trial, sets out newly discov-ered evidence as a ground for a new trial, if there is no statement of facts before us, as in the case now being considered, we are unable to say that the newly discovered evidence set forth would warrant a reversal of the case.

Appeal from the District Court of Angelina County.   Tried below before the Hon. C. A. Hodges, Judge.

Appeal from a conviction for possession of intoxicating liquor for the purpose of sale, penalty one year in the penitentiary.

The opinion states the case.

No brief filed for appellant.

*Sam D. Stinson*, State's Attorney, and *Robert M. Lyles*, Assistant State's Attorney, for the State.

MORROW, PRESIDING JUDGE.—The offense is the unlawful possession of intoxicating liquor, punishment fixed at confine-ment in the penitentiary for one year.

We find no statement of facts in the record.

Appellant filed a motion for new trial and introduced some evidence in support thereof. The motion, together with the evidence, is embraced in a bill of exceptions. In the motion it is averred that a witness, who was an officer, testified to material facts against the appellant, which facts were ascertained upon the execution of a search warrant to search the private residence of the appellant; that objection was made to the receipt of this evidence upon the ground that it did not appear that the search warrant was based upon a lawful affidavit. The bill fails to show, however, that any exception was taken to the court's failure or refusal to sustain the objection. For that reason the objection to the evidence cannot be considered as ground for reversal.

It is also averred in the motion that since the trial new evidence has been discovered which would establish the fact that the affidavit upon which the search warrant was based was signed by but one person. It is obviously a sound rule, and one that has often been made effective, that ordinarily complaint of the receipt or exclusion of evidence or the rejection of new evidence cannot be appraised upon appeal in the absence of knowledge of what evidence was before the court. The receipt or exclusion of evidence upon the trial or the refusal of a motion for new trial on account of the discovery of new evidence after the trial, is available for the purpose of reversing a judgment only when it is made to appear that the court's action, when considered in the light of the facts that were before the court, was prejudicial to the accused in the conduct of his case. Apparently this rule applies to the present record and renders a reversal of the judgment unwarranted.

The judgment is affirmed.                    *Affirmed.*